25CA0459 Peo in Interest of Ballard 06-12-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0459
Pueblo County District Court No. 25MH30021
Honorable Gregory J. Styduhar, Judge

The People of the State of Colorado,

Petitioner-Appellee,

In the Interest of Everett Johnta Ballard,

Respondent-Appellant.

ORDER AFFIRMED

Division I
Opinion by JUDGE BERGER*
Kuhn and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced June 12, 2025

Cynthia Mitchell, County Attorney, Kate H. Shafer, Special Assistant County
Attorney, Pueblo, Colorado, for Petitioner-Appellee

Tezak Law, P.C., Mary Tezak, Florence, Colorado, for Respondent-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1    Everett Johnta Ballard appeals the district court's order authorizing staff at the Colorado Mental Health Hospital in Pueblo (the hospital) to medicate him without his consent. We affirm.

I.    Background

¶ 2    Ballard was admitted to the hospital in November 2024 after being found incompetent to proceed in a criminal case. His symptoms during this and previous hospitalizations have included experiencing auditory hallucinations, paranoia, thought broadcasting, delusional beliefs, mood lability, impulsivity, agitation, and physical aggression. He has been diagnosed with "unspecified schizophrenia spectrum and other psychotic disorder."

¶ 3    Ballard initially agreed to take psychiatric medications voluntarily. In December 2024, he hit another patient on the head and, as a result, was started on emergency medications. The next month, Ballard began refusing to take his medications voluntarily. In February 2025, he physically postured at, and verbally threatened, a staff member, and was again started on emergency medications.

¶ 4     The People then filed a petition seeking authorization to medicate Ballard involuntarily with olanzapine (Zyprexa), valproic acid (Depakote), and hydroxyzine (Vistaril).

¶ 5     At the hearing on the petition, Ballard's psychiatrist at the hospital testified as an expert witness that Ballard's unspecified schizophrenia spectrum and other psychotic disorder constitutes a substantial disorder that grossly impairs his judgment or capacity to recognize reality or to control his behavior.  The psychiatrist also testified that Ballard does not have any insight into his mental illness and does not believe he needs psychiatric medications.  The psychiatrist opined that Ballard needs olanzapine (an antipsychotic) and valproic acid (a mood stabilizer) on a scheduled basis, and hydroxyzine as needed for instances of severe agitation.  He testified that, without the medications, Ballard would pose a serious risk of harm to others at the hospital (as evidenced by the incidents where he hit another patient on the head and threatened a staff member) and there would be a likely and significant long-term deterioration of his mental condition.

¶ 6    When Ballard was asked at the hearing whether he has a mental illness, he responded, "They claim I do," and then later clarified that he sometimes has a hard time believing what he's seeing or hearing. He denied being a danger to others. He testified that he would not take the medications without a court order but would participate in talk therapy. He also suggested that his Islamic beliefs preclude him from taking the medications.

¶ 7    In rebuttal, the psychiatrist opined that Ballard required treatment with medications, and that he could not be effectively treated with talk therapy alone.

¶ 8    Following the testimony, the district court found that the psychiatrist had testified credibly and persuasively. The court then examined each of the four elements of the test from *People v. Medina*, 705 P.2d 961, 973 (Colo. 1985), concluded that the People had met their burden of proving all four elements in this case, and granted the petition.

## II. Applicable Law and Standard of Review

¶ 9      The parties agree that the *Medina* test applies here.[1] Under that test, a district court may authorize the involuntary administration of medication if the People demonstrate by clear and convincing evidence that (1) the person is incompetent to effectively participate in the treatment decision; (2) the treatment is necessary to prevent a significant and likely long-term deterioration in the person's mental health condition or to prevent the likelihood of the patient causing serious harm to himself or others at the institution; (3) a less intrusive treatment alternative is not available; and (4) the person's need for treatment is sufficiently compelling to override

---

[1] A different test applies to petitions to administer medication involuntarily for the purpose of restoring competency for a criminal proceeding. *See People in Interest of R.F.*, 2019 COA 110, ¶¶ 10-15 & n.1 (discussing the test from *Sell v. United States*, 539 U.S. 166, 180 (2003)). Although Ballard was admitted to the hospital for that purpose, we agree with the parties that the test from *People v. Medina*, 705 P.2d 961 (Colo. 1985), applies here because the petition's stated purpose, and the district court's basis for granting the petition, was to prevent a significant and long-term deterioration in Ballard's mental condition and to prevent the likelihood of him causing serious harm to others at the hospital. *See R.F.*, ¶ 11 n.1.

any bona fide and legitimate interest of the person in refusing treatment. *Id.*

¶ 10    Application of the *Medina* test involves mixed questions of fact and law. *People v. Marquardt*, 2016 CO 4, ¶ 8. We defer to the district court's factual findings if they have record support, while we review the court's legal conclusions de novo. *Id.* Resolving conflicts in testimony and determining the credibility of the witnesses are matters solely within the province of the district court. *People in Interest of Ramsey*, 2023 COA 95, ¶ 23.

¶ 11    We must affirm the district court's ruling if the evidence, viewed as a whole and in the light most favorable to the prevailing party, is sufficient to support the court's order. *People in Interest of R.K.L.*, 2016 COA 84, ¶ 13. The testimony of the physician seeking to administer treatment may be sufficient, without more, to satisfy the *Medina* test. *Id.* at ¶ 30.

## III.    Analysis

¶ 12    Ballard does not contest the district court's ruling that the People met their burden of proving the second and third elements of the *Medina* test. However, he challenges the sufficiency of the

evidence supporting the first *Medina* element — that he is incompetent to effectively participate in the treatment decision — and the fourth *Medina* element — that his need for the medications is sufficiently compelling to override any bona fide and legitimate interest he has in refusing the medications.

### A.    The First *Medina* Element

¶ 13    In finding that Ballard is incompetent to effectively participate in the treatment decision, the district court expressly adopted the psychiatrist's opinion on that point.  The court also made specific findings that (1) Ballard has no or limited insight into his mental illness; (2) the medications are necessary to treat his mental illness; and (3) he has repeatedly refused to take the medications voluntarily.

¶ 14    The court's findings are well supported by the psychiatrist's testimony, which the court credited, as well as the psychiatrist's opinions expressed in his sworn affidavit, which the court admitted at the hearing.  *See Marquardt,* ¶ 8; *Ramsey,* ¶ 23; *R.K.L.,* ¶¶ 13, 30.

¶ 15    In arguing the contrary, Ballard highlights the psychiatrist's statement at the hearing that, "[a]s [the psychiatrist] previously testified," Ballard does not believe that he has a mental illness or requires treatment with psychiatric medications. Ballard points out that the psychiatrist made that statement early during his testimony, which calls into question what prior "testimony" the psychiatrist was referring to. The psychiatrist may have been referring to the statements in his *sworn* affidavit, but regardless, we need only determine whether the district court's findings are sufficiently supported by the evidence *as a whole.  See Marquardt,* ¶ 8; *Ramsey,* ¶ 23; *R.K.L.,* ¶¶ 13, 30. We conclude that they are.

¶ 16    Ballard also relies on his own testimony at the hearing — including that he prefers talk therapy over medications — in arguing that he "has effectively participated in the discussion regarding his treatment, and his contribution to the conversation is that he disagrees with [the psychiatrist's] diagnosis and proposed treatment." He also argues that a patient's mere disagreement with their physician does not mean that the patient is incompetent to effectively participate in the treatment decision.

¶ 17    But significantly, the district court credited the psychiatrist's opinions, including that Ballard needed the requested medications and that talk therapy alone would not be effective.  *See Ramsey*, ¶ 23.  Given that, Ballard's disagreement with the psychiatrist's diagnosis and recommended treatment was why Ballard was incompetent to *effectively* participate in the treatment decision.  *See R.K.L.*, ¶¶ 6-7, 33 (affirming the district court's finding that the first *Medina* element was met where the patient's psychiatrist testified that the patient had schizophrenia with possible bipolar disorder, but the patient testified that he did not think he had a mental illness); *People in Interest of Strodtman*, 293 P.3d 123, 132 (Colo. App. 2011) (affirming the district court's finding that the first *Medina* element was met based in part on the patient's history of medication refusal, explaining, "[t]o participate effectively contemplates action" not just "words").

B.    The Fourth *Medina* Element

¶ 18    As to the fourth *Medina* element — that Ballard's need for the medications is sufficiently compelling to override any bona fide and legitimate interest he has in refusing the medications — he

8

contends that the district court erred by not giving sufficient weight to his Islamic beliefs regarding not using psychiatric medications.

¶ 19    On that issue, the district court appears to have concluded that Ballard did not sufficiently explain why or how being Muslim precluded him from taking the medications. The court did not determine the bona fides of Ballard's religious beliefs or address whether, in fact, those religious beliefs had any bearing on the question before the court. The court ruled only that Ballard had not articulated any religious prohibition on the taking of the medications at issue. That was a permissible inquiry. Indeed, when Ballard was specifically asked at the hearing "what in Islam precludes [him] from taking medications," he responded, "The fact that man believe that drugs are strong and that God -- I'm still studying, so I -- I based my beliefs on that God is strong." We agree that Ballard's response to that question was vague. Further, given that the district court's ruling was based on that vague testimony, Ballard cannot remedy that vagueness by suggesting, for the first time on appeal, that he was referring to "divine healing" of his psychiatric disorder.

## IV. Disposition

¶ 20    The order is affirmed.

JUDGE KUHN and JUDGE MOULTRIE concur.